IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

PETUEL SUBRUN,

Plaintiff

v.

UNITED STATES OF AMERICA,

Defendant

CIVIL NO. 10-1161 (JP)

**OPINION AND ORDER**

Before the Court is Defendant United States of America's ("USA") motion to dismiss (**No. 6**), Plaintiff Petuel Subrun's ("Subrun") opposition thereto (No. 13), and Defendant USA's reply (No. 18) to Plaintiff's opposition. Plaintiff Subrun alleges that the Court has jurisdiction pursuant to the Federal Torts Claims Act. Defendant USA moves to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction. For the reasons stated herein, Defendant's motion to dismiss is hereby **GRANTED.**

**I. FACTUAL ALLEGATIONS**

On December 4, 2008, Plaintiff Subrun was incarcerated at the Metropolitan Detention Center ("MDC"), a facility owned and operated by the Federal Bureau of Prisons ("BOP"), in Guaynabo, Puerto Rico. Contrary to the standard procedures for individuals charged with

immigration offenses, Subrun was assigned a cell in the same area as MDC's general population.

On December 22, 2008, Subrun's cell mate and another inmate had a discussion near the MDC's library located on the ground level. Plaintiff intervened in said discussion to prevent an altercation between the two individuals. Thereafter, Plaintiff Subrun went to the exercise room. While performing pushups, the inmate who had previously argued with Subrun's cell mate came in and stabbed Plaintiff around seventeen times with a screwdriver in his right eye, the back of his head, and his chest. Said attack took place in plain sight of one of MDC's guards who did nothing to avert the attack. The guards did not intervene until around ten minutes after the attack ended.

As a result of said attack, Plaintiff was transferred to the Rio Piedras Medical Center and remained hospitalized for three days. Plaintiff was then transferred to Miami, Florida for more specialized treatment for his eye. Even after receiving treatment, Plaintiff is blind in his right eye and experiences pain in said eye.

## II. LEGAL STANDARD FOR A RULE 12(b)(1) MOTION TO DISMISS

Federal courts are courts of limited jurisdiction. Destek Group v. State of New Hampshire Public Utilities Commission, 318 F.3d 32, 38 (1st Cir. 2003). The party claiming there is jurisdiction carries the burden of showing that the court has

jurisdiction. Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995).

Motions brought under Federal Rule of Civil Procedure ("FRCP") 12(b)(1) are subject to a similar standard as FRCP 12(b)(6) motions. Torres Maysonet v. Drillex, S.E., 229 F. Supp. 2d 105, 107 (D.P.R. 2002). A court must "treat all allegations in the complaint as true and draw all reasonable inferences therefrom in favor of the plaintiff." Rumford Pharmacy, Inc. v. City of East Providence, 970 F.2d 996, 997 (1st Cir. 1992); see also Torres Maysonet, 229 F. Supp. 2d at 107.

## III. ANALYSIS

Defendant requests that the case be dismissed with prejudice for lack of subject-matter jurisdiction because Defendant is protected by sovereign immunity since the acts which allegedly led to liability fall within the discretionary function exception of the Federal Torts Claims Act ("FTCA"). Plaintiff opposes the motion. The Court will now consider the parties' arguments.

### A. Federal Torts Claims Act

The FTCA, under 28 U.S.C. § 1346(b)(1), provides:

> . . . district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

The FTCA is only a limited waiver of sovereign immunity. Wood v. United States, 290 F.3d 29, 35 (1st Cir. 2002). One of the exceptions to the limited waiver of sovereign immunity found in the FTCA is the discretionary function exception. 28 U.S.C. § 2680(a); Santana-Rosa v. United States, 335 F.3d 39, 42 (1st Cir. 2003).

In the instant motion, Defendant argues that Plaintiff cannot bring the instant action because the alleged violations here are covered by the discretionary function exception to the FTCA. Plaintiff opposes the motion arguing that: (1) based on United States v. Muñiz, 374 U.S. 150 (1963), Plaintiff can bring the instant action because he is an inmate asserting a state law theory under the FTCA; and (2) the discretionary function exception to the FTCA does not apply to Plaintiff's claims.

**1. Plaintiff's ability to bring claims under the FTCA**

Plaintiff argues that the Court should deny Defendant USA's motion to dismiss because inmates can bring state law theories of liability against the federal government under the FTCA.

While the Court agrees with Plaintiff that the United States Supreme Court found in United States v. Muñiz, 374 U.S. 150 (1963), that inmates can bring state law theories of liability against the federal government under the FTCA, the Court disagrees with Plaintiff that this allows Plaintiff to avoid the discretionary function exception. In fact, the Supreme Court, in the same case, stated that inmates still had to clear hurdles such as the discretionary function

exception in order for courts to entertain questions of liability under state law. United States v. Muñiz, 374 U.S. 150, 163 (1963). As such, Plaintiff's argument that he does not have to clear the hurdle of the discretionary function exception because he is an inmate asserting a state law theory under the FTCA fails.

**2. Applicability of discretionary function exception**

The discretionary function exception "precludes government liability for claims based upon 'the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.'" Santana-Rosa, 335 F.3d at 42 (quoting 28 U.S.C. § 2680(a)). Said exception shields the government no matter how negligent an employee acts. Id.

The United States Supreme Court has outlined the test to determined whether said exception should apply. The first step of the test requires that the Court determine whether the acts alleged are discretionary, in the sense that they "involve an element of judgment or choice[.]" United States v. Gaubert, 499 U.S. 315, 322 (1991). Said requirement will not be met when some "'federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow,' because 'the employee has no rightful option but to adhere to the directive.'" Id. (quoting Berkovitz v. United States, 486 U.S. 531, 536 (1988).

If there is an element of choice or judgment in the challenged conduct, the Court must then determine whether said judgment or choice is based on considerations of public policy. Id. at 322-23. The focus of this inquiry is whether the actions taken "are susceptible to policy analysis." Id. at 325.

Defendant argues that both elements of the discretionary function exception are met by the facts in this case. Plaintiff counters that the motion to dismiss should be denied because: (1) the acts alleged to constitute negligent guard liability are non-discretionary acts; and (2) even if said acts are discretionary, they are not based on policy considerations.

Plaintiff states that Defendant is liable because the BOP: (1) failed to implement reasonable measures to ensure the safety, health and well-being of the inmates under its custody; (2) failed to implement adequate measures to inspect or to account for all the tools within the MDC, thus allowing inmates access to tools which may be used to cause bodily injury; (3) failed to timely respond to the aggression by the inmate against Plaintiff; (4) failed to adequately supervise inmates under its custody; and (5) assigned Plaintiff to the general population of inmates. The Court will analyze each of these claims and determine whether the discretionary function exception applies.

*i. Failure to implement reasonable measures to ensure the safety, health and well-being of the inmates under BOP's custody.*

Plaintiff alleges that he has a cause of action because BOP failed in its duty to ensure his safety, health and well-being when another inmate attacked and injured him.

After considering the arguments, the Court determines that Plaintiff's allegation falls within the discretionary function exception. Statutory provisions give BOP the responsibility of providing for the protection and safekeeping of prisoners in very general terms. The duty of care owed by BOP is found in 18 U.S.C. § 4042. Said statute states that BOP:

> shall – (1) have charge of the management and regulation of all Federal penal and correctional institutions; (2) provide suitable quarters and provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States, or held as witnesses or otherwise; (3) provide for the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States . . . .

Said statute does "'not mandate a specific, non-discretionary course of conduct,' but rather leave[s] the BOP 'ample room for judgment.'" Santana-Rosa, 335 F.3d at 44 (quoting Cohen v. United States, 151 F.3d 1338, 1343 (11th Cir. 1998)). Furthermore, the Court finds that the management of potentially dangerous individuals within a facility such as MDC requires that decisions be made within the context of various difficult policy choices. Id. Accordingly,

the Court finds that the discretionary function exception is applicable.

*ii. Failure to implement adequate measures to inspect or to account for all the tools within the MDC.*

Defendant argues that the allegation that BOP failed to implement adequate measures to inspect or to account for all the tools within the MDC, thus allowing inmates access to tools which may be used to cause bodily injury is covered by the discretionary function exception. Said argument is based on 28 C.F.R. § 552.14(a) which, according to Defendant, provides BOP with discretion in deciding how and when to conduct searches. Plaintiff counters that said regulation does not allow for discretion and that a guard's duty to inspect does not involve any public policy considerations.

Under the provisions of 28 C.F.R. § 552.14(a), "[s]taff may search an inmate's housing and work area, and personal items contained within those areas, without notice to or prior approval from the inmate and without the inmate's presence."

After considering the arguments, the Court finds that the discretionary function exception is applicable. Contrary to what Plaintiff argues, the above mentioned regulation does not mandate how, when, and where BOP is to conduct inspections of an inmate's housing and/or work areas. Instead, the regulation leaves said decision regarding inspection to the discretion of BOP.

In addition, the decision of how, when, and where to inspect an inmate's housing and work areas involves the balancing of policy concerns. Some of the policies that would be balanced in determining the extent and frequency of inspections would be the interest in assuring the safety of inmates with the inmate's interest in being free from overly intrusive searches. Other potential considerations include budgetary concerns and the character of the particular inmate population. As such, the Court finds that the requirements for the discretionary function exception are met.

*iii. Failure to timely respond to the aggression by the inmate against Plaintiff.*

With regard to the immediate use of force, federal regulations state that "[s]taff may immediately use force and/or apply restraints when the behavior described in § 552.20 constitutes an immediate, serious threat to the inmate, staff, others, property, or to institution security and good order." 28 C.F.R. § 552.21(a). One of the behaviors listed in section 552.20 is when an inmate assaults another individual. 28 C.F.R. § 552.20.

Plaintiff argues that said regulation provides no discretion because the use of the word "immediately" requires guards to prevent other inmate's aggression immediately. Plaintiff also argues that the use of the word "may" is meant to provide discretion only to determine whether force should be used immediately.

After considering the arguments, the Court disagrees with Plaintiff. The use of the word "immediately" in the regulation in no way supports Plaintiff's conclusion that a guard has a duty to immediately respond to an inmate's aggression. No provision exists which mandates preventing inmate aggression towards other inmates immediately. See Taveras v. Hasty, 2005 WL 1594330, at *4 (E.D.N.Y. July 7, 2005) ("Officer Brothers's decision was not 'compelled by statute or regulation,' as there exists no provision that mandates breaking up inmate fights immediately").

Instead, the word "immediately" is simply used to make clear that this regulation applies to "immediate use of force" and not to use of force which is not immediate. In the absence of any regulation or statute stating when BOP staff should intervene in the case of inmate aggression, the Court finds that BOP staff have the discretion to decide when to intervene.[1]

The Court also finds that the decision of when to intervene in acts of aggression between inmates requires prison officials to take into consideration numerous policy concerns. Some of the policy concerns include the safety of the prisoners involved and the safety of the intervening staff. As such, the Court finds that the discretionary function exception precludes Plaintiff from bringing this claim.

---

1. Furthermore, the Court notes that a prison's internal security is normally left to the discretion of prison officials. Miller v. United States, 992 F.2d 1223 (1993) (citing Rhodes v. Chapman, 452 U.S. 337, 349 n.14 (1981)).

*iv. Failure to adequately supervise inmates under BOP's custody.*

Plaintiff alleges that Defendant should be liable for BOP's failure to adequately supervise the inmates at the MDC. Defendant counters that supervision of inmates falls under the discretionary function exception.

The Court agrees with Defendant. Similarly to Plaintiff's allegation that BOP failed to implement reasonable measures to ensure the safety, health and well-being of the inmates, Plaintiff's allegation of failure to supervise falls under 18 U.S.C. § 4042. BOP is given the general responsibility to manage and regulate all federal penal and correctional institutions, and to protect all individuals convicted of or charged with offenses against the United States. 18 U.S.C. § 4042. As previously explained, 18 U.S.C. § 4042 vests BOP with discretion and does not mandate specific conduct. Santana-Rosa, 335 F.3d at 44 (citing Cohen, 151 F.3d at 1343); see also Calderón v. United States, 123 F.3d 947, 950 (7th Cir. 1997).

Also, the decision of how to supervise inmates requires the weighing of various policy considerations such as the availability of resources and the need to protect inmates. Accordingly, the Court finds that the discretionary function exception is applicable.

*v. Assignment to the general population of inmates.*

Plaintiff argues that he should not have been placed with the general population of the MDC, but instead should have been isolated from the general population. The Court will not waste time with this issue. Courts, including the Court of Appeals for the First Circuit, have made clear that the assignment of inmates falls within the discretionary function exception. Santana-Rosa, 335 F.3d at 44 ("decisions with regard to classification of prisoners, assignment to particular institutions or units, and allocation of guards and other correctional staff must be viewed as falling within the discretionary function exception to the FTCA"); see also Cohen, 151 F.3d at 1344 ("BOP's actions in classifying prisoners and placing them in institutions involve conduct or decisions that meet both prerequisites for application of the discretionary function exception"); Brown v. United States, 569 F. Supp. 2d 596, 600 (W.D. Va. 2008) ("the court agrees with the United States that a prison official's decision regarding whether to place an inmate in the general population falls within the discretionary function exception"). Accordingly, Plaintiff's claim fails.

## IV. CONCLUSION

Thus, the Court **GRANTS** Defendant USA's motion to dismiss Plaintiff's complaint because Plaintiff's claims are barred by the

discretionary function exception. A separate Judgment will be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 27th day of September, 2010.

s/Jaime Pieras, Jr.
JAIME PIERAS, JR.
U.S. SENIOR DISTRICT JUDGE